DILLINGHAM & MURPHY, LLP
EDWARD E. HARTLEY (State Bar No. 122892)
RODRIGO E. SALAS (State Bar No. 194462)
KUMANI L. ARMSTRONG (State Bar No. 221109)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:   (415) 397-2700
Facsimile:   (415) 397-3300
Email: eeh@dillinghammurphy.com
       res@dillinghammurphy.com
       kla@dillinghammurphy.com

BAKER AND RANNELLS, PA
STEPHEN L. BAKER (Pro Hac Vice Application pending)
JOHN M. RANNELLS (Pro Hac Vice Application pending)
RYAN A. McGONIGLE (Pro Hac Vice Application pending)
The Henderson Building, Suite 102
Raritan, New Jersey 08869
Telephone:   (908) 722-5640
Facsimile:   (908) 725-7088
Email: s.baker@br-tmlaw.com
       jmr@br-tmlaw.com
       r.mcgonigle@br-tmlaw.com

Attorneys for Defendant WORLD CONFECTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN LICORICE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD CONFECTIONS, INC.,<br><br>Defendant. | Case No.: 08-cv-00335 (SI)<br><br>**DEFENDANT WORLD CONFECTIONS, INC.'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant WORLD CONFECTIONS, INC. ("WCI") hereby answers the Complaint of Plaintiff American Licorice Company ("Plaintiff") in the above-captioned action as follows:

## Nature of the Action

1. WCI admits that Paragraph 1 of the Complaint purports to seek relief for trademark infringement, trademark dilution, trade dress infringement, and unfair competition under federal law and seeks relief for trademark dilution and unfair competition under California law and seeks relief for trademark infringement and unfair competition under the common law of California; WCI denies each of the referenced claims and states further that Plaintiff's complaint is without merit.

## The Parties

2. WCI has insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies same.

3. WCI admits the allegations contained in Paragraph 3 of the Complaint.

## Jurisdiction and Venue

4. Paragraph 4 of the Complaint contains a legal conclusion to which no response is required. To the extent that any response is required, WCI admits that Plaintiff purports to bring this action pursuant to the statutes and laws cited therein.

5. WCI admits the allegations contained in Paragraph 5 of the Complaint.

6. The first sentence of Paragraph 6 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, WCI admits that this is one district in which venue is proper. WCI admits that it is a New York corporation, admits that it has sold SOUR PUNKS candy in, *inter alia*, the State of California, and admits that this court has personal jurisdiction over WCI but otherwise denies the remaining allegations contained in Paragraph 6 of the Complaint.

## Intradistrict Assignment

7. Paragraph 7 of the Complaint contains a legal conclusion to which no response is required.

## Background Facts

8. WCI has insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies same.

9. WCI has insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore denies same.

10. WCI admits issuance of the U.S. trademark registrations referenced in Paragraph 10 of the Complaint and admits that the trademark application referred to in Paragraph 10 of the Complaint was filed by the Plaintiff, but otherwise has insufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint and therefore denies same.

11. The allegations or Paragraph 11 of the Complaint are purely definitional and, as such, no response is required.

12. WCI has insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies same.

13. WCI has insufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence of Paragraph 13 of the Complaint and therefore denies same and denies that Plaintiff's packaging constitutes protected trade dress. With regard to the remaining allegations of Paragraph 13 of the Complaint, WCI affirmatively asserts that the individual elements of Plaintiff's alleged trade dress identified in the paragraph, (i.e., packaging wrappers with a different color scheme for each flavor, cartoon characters with oversized eyes and raised eyebrows, starburst designs, stylized capital lettering in coordinated color schemes), are functional, non-distinctive, and incapable of achieving and/or have not achieved secondary meaning.

14. WCI has insufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence of Paragraph 14 of the Complaint and therefore denies same. WCI denies all remaining allegations of Paragraph 14 of the Complaint.

### Defendant's Activities

15. WCI admits the allegations of Paragraph 15 of the Complaint, but denies that Exhibit F to the Complaint is a copy of the application. WCI confirms that Exhibit F is an abstract from the USPTO TESS database of the information contained in WCI's application.

16. WCI denies that April 18, 2007 is the date that App. Ser. No. 77025082 was

published for opposition by the United States Patent and Trademark Office ("USPTO").

17. WCI denies the allegations contained in Paragraph 17 of the Complaint.

18. With regard to the first sentence of Paragraph 18 of the Complaint, WCI admits that Plaintiff filed an opposition to WCI's federal trademark application on or about September 4, 2007 but otherwise denies the allegations contained in the first sentence of Paragraph 18 of the Complaint. With regard to the second sentence of Paragraph 18 of the Complaint, WCI admits that it filed Trademark Application Serial No. 77284192 with the USPTO but denies that any corrective action was necessary.

19. WCI admits that it attended the All Candy Expo in Chicago Illinois in September of 2007 and that WCI displayed its SOUR PUNKS branded candy at the Expo, but otherwise denies the allegations contained in the first sentence of Paragraph 19 of the Complaint. WCI denies that it has "expanded" its sales of SOUR PUNKS candy products since September 2007 as alleged by Plaintiff in the second sentence of paragraph 19 of the Complaint. WCI denies that SOUR PUNKS candy "recently" reached the West Coast as alleged by Plaintiff in the third sentence of paragraph 19 of the Complaint and affirmatively asserts that its sales in California began in 2006. With regard to the fourth sentence of paragraph 19 of the Complaint, WCI denies that its use of SOUR PUNKS sour candy is and/or was an infringing use and WCI denies that its use of SOUR PUNKS was or is or continues to be a willful disregard of whatever rights Plaintiff may have in its mark under any law, and otherwise denies all remaining allegations of 19 of the Complaint.

20. WCI admits the allegations contained in Paragraph 20 of the Complaint except that WCI denies that its SOUR PUNKS Marks are infringing.

13. WCI denies the allegations contained in the second numbered Paragraph 13 of the Complaint.

14. WCI admits that certain packaging for its SOUR PUNKS candy includes the statement "33% More Candy" but otherwise denies the allegations contained in the second numbered Paragraph 14 of the Complaint.

15. WCI denies the allegations contained in the second numbered Paragraph 15 of

the Complaint.

21. WCI denies the allegations contained in paragraph 21 of the Complaint.

### CLAIM FOR RELIEF I

#### Trademark Infringement Under Federal Law

22. WCI repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 21 of the Complaint above as if fully set forth herein. With regard to the second sentence of Paragraph 22 of the Complaint, WCI admits that the same purports to assert a claim for trademark infringement; WCI states further in that regard that Plaintiff's claim is without merit. WCI denies the allegations contained in the third sentence of Paragraph 22 of the Complaint.

23. WCI denies the allegations contained in paragraph 23 of the Complaint.

24. WCI denies the allegations contained in paragraph 24 of the Complaint.

25. WCI denies the allegations contained in paragraph 25 of the Complaint and states further, that Plaintiff is not entitled to any remedy.

### CLAIM FOR RELIEF II

#### Trademark Dilution Under Federal Law

26. WCI repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 25 of the Complaint above as if fully set forth herein.

27. WCI denies the allegations contained in paragraph 27 of the Complaint.

28. WCI denies the allegations contained in paragraph 28 of the Complaint.

29. WCI denies the allegations contained in paragraph 29 of the Complaint and states further, that Plaintiff is not entitled to any remedy.

### CLAIM FOR RELIEF III

#### Trade Dress Infringement Under Federal Law

30. WCI repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 29 of the Complaint above as if fully set forth herein. With regard to the second sentence of Paragraph 30 of the Complaint, WCI admits that the same purports to assert a claim for trade dress infringement; WCI states further in that regard that Plaintiff's claim is

1 | without merit. WCI denies the allegations contained in the third sentence of Paragraph 30 of the Complaint.

31. WCI denies the allegations contained in paragraph 31 of the Complaint.

32. WCI denies the allegations contained in paragraph 32 of the Complaint.

33. WCI denies the allegations contained in paragraph 33 of the Complaint and states further, that Plaintiff is not entitled to any remedy.

### CLAIM FOR RELIEF IV

### Unfair Competition and False Advertising Under Federal Law

34. WCI repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 33 of the Complaint above as if fully set forth herein. With regard to the second sentence of Paragraph 34 of the Complaint, WCI admits that the same purports to assert a claim based upon Plaintiff's trade dress; WCI states further in that regard that Plaintiff's claim is without merit.

35. WCI denies the allegations contained in paragraph 35 of the Complaint.

36. WCI denies the allegations contained in paragraph 36 of the Complaint.

37. WCI denies the allegations contained in paragraph 37 of the Complaint.

38. WCI denies the allegations contained in paragraph 38 of the Complaint and states further, that Plaintiff is not entitled to any remedy.

### CLAIM FOR RELIEF V

### Trademark Dilution Under State Law

39. WCI repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 38 of the Complaint above as if fully set forth herein. WCI denies the allegations contained in the second sentence of Paragraph 39 of the Complaint.

40. WCI denies the allegations contained in paragraph 40 of the Complaint and further, denies that American Licorice Tradmarks are famous.

41. WCI denies the allegations contained in paragraph 41 of the Complaint.

42. WCI denies the allegations contained in paragraph 42 of the Complaint and states further, that Plaintiff is not entitled to any remedy.

## CLAIM FOR RELIEF VI

### Unfair Competition and False Advertising Under State Law

43. WCI repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 42 of the Complaint above as if fully set forth herein.

44. WCI denies the allegations contained in paragraph 44 of the Complaint.

45. WCI denies the allegations contained in paragraph 45 of the Complaint.

46. WCI denies that Plaintiff is entitled to any remedy.

## CLAIM FOR RELIEF VII

### Trademark Infringement Under State Common Law

47. WCI repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 46 of the Complaint above as if fully set forth herein. With regard to the second sentence of Paragraph 47 of the Complaint, WCI admits that the same purports to assert a claim for infringement of Plaintiff's Trademarks; WCI states further in that regard that Plaintiff's claim is without merit. WCI denies the allegations contained in the third sentence of Paragraph 47 of the Complaint.

48. WCI denies the allegations contained in paragraph 48 of the Complaint.

49. WCI denies the allegations contained in paragraph 49 of the Complaint.

50. WCI denies that Plaintiff is entitled to any remedy.

## CLAIM FOR RELIEF VIII

### Unfair Competition Under State Common Law

51. WCI repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 50 of the Complaint above as if fully set forth herein.

52. WCI denies the allegations contained in paragraph 52 of the Complaint.

53. WCI denies the allegations contained in paragraph 53 of the Complaint.

54. WCI denies that Plaintiff is entitled to any remedy.

///

///

///

## WCI'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's trademark infringement claim is moot and presents no properly justifiable claim.

### Third Affirmative Defense

Plaintiff's Complaint is barred by the equitable doctrine of estoppel.

### Fourth Affirmative Defense

Plaintiff's Complaint is barred by the equitable doctrine of laches.

### Fifth Affirmative Defense

Plaintiff's Complaint is barred by the equitable doctrine of waiver.

### Sixth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, by the equitable doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiff's alleged trade dress is weak and diluted, each of the claimed individual elements thereof being widely used by third party candy manufacturers. Further, Plaintiff has used and uses a variety of different trade dresses for its alleged SOUR PUNCH packaging, which variations are not shown in the exhibits accompanying the Plaintiff's complaint.

### Eighth Affirmative Defense

Plaintiff's mark, "SOUR PUNCH" is weak and diluted. The term "SOUR" is a generic flavor designation commonly used by third party candy manufacturers. In fact, the term "SOUR" is disclaimed by Plaintiff in Plaintiff's claimed trademark registrations. The term "PUNCH" is also a generic flavor designation commonly used by third party candy manufacturers. The term "SOUR PUNCH" as a whole also has the meaning and evokes the commercial impression of a flavor designation.

///

### Ninth Affirmative Defense

Plaintiff's alleged mark does not qualify as a "famous" mark under state or federal law, and there is no likelihood of dilution to Plaintiff's alleged mark.

### Tenth Affirmative Defense

Solely to avoid costs and expenses of a protracted law suit, upon receipt of a copy of the Complaint, WCI unilaterally adopted a new trademark to take the place of SOUR PUNKS, namely SOUR DUDES, and so notified the Plaintiff's attorneys. Further in that regard, WCI unilaterally withdrew, with prejudice, its pending SOUR PUNKS trademark applications (i.e., U.S. Ser. No.77025082 for the word mark SOUR PUNKS, which was the subject of the opposition proceeding referred to in paragraph 18 of the Complaint, U.S. Ser. No. 77284192 for the mark SOUR PUNKS and design, and Canadian Ser. No. 1366671 for the mark SOUR PUNKS and design), and so notified Plaintiff's attorneys. WCI also made and adopted certain revisions to its product packaging and so notified Plaintiff's attorneys. A copy of the newly designed package showing the new mark is annexed as Exhibit A.

### Eleventh Affirmative Defense

WCI's trademark applications filed with the U.S. Patent and Trademark Office ("USPTO") (now withdrawn) for the word mark SOUR PUNKS for candy was approved for publication by the USPTO. None of the Plaintiff's alleged registrations or applications were cited by the USPTO Trademark Examining Attorney against WCI's trademark application.

### Twelfth Affirmative Defense

WCI's trademark application filed with the USPTO (now withdrawn) for the mark SOUR PUNKS in fanciful script and with a whimsical figure for candy was approved for publication by the USPTO. None of the Plaintiff's alleged registrations or applications were cited by the USPTO Trademark Examining Attorney against WCI's trademark application.

### Thirteenth Affirmative Defense

There is no likelihood of confusion between Plaintiff's mark and WCI's mark as a matter of law.

///

## Fourteenth Affirmative Defense

There is no likelihood of confusion between Plaintiff's trade dress and WCI's trade dress.

## Fifteenth Affirmative Defense

Plaintiff's alleged trademarks are void, invalid, without secondary meaning, or generic.

## Sixteenth Affirmative Defense

The claims set forth in the Complaint are barred by the applicable statutes of limitation.

## Seventeenth Affirmative Defense

Each and every request for injunctive relief in the Complaint is barred by the adequate legal remedy doctrine, in that, to the extent Plaintiff prevails on any of its claims, money damages would be an adequate legal remedy.

## Eighteenth Affirmative Defense

WCI presently has insufficient knowledge or information upon which to form a belief as to whether WCI may have additional, as yet unstated, separate affirmative defenses available. Accordingly, WCI reserves the right to amend its answer to the Complaint to assert those affirmative defenses in the event that further discovery or inquiry indicates they are appropriate.

///
///
///
///
///
///
///
///
///

## WCI'S ANSWER TO PLAINTIFF'S REQUEST FOR RELIEF

WHEREFORE, WCI respectfully requests that the Court:

1. Enter judgment in its favor and against the Plaintiff on the Complaint;

2. Deny all relief sought by Plaintiff;

3. Award WCI reasonable attorneys' fees and costs with respect to Plaintiff's Complaint; and

4. Grant WCI such other and further relief as the Court may deem just and proper.

Dated: April 3, 2008

DILLINGHAM & MURPHY LLP
EDWARD E. HARTLEY
RODRIGO E. SALAS
KUMANI L. ARMSTRONG

By: /s/ Kumani L. Armstrong

**EXHIBIT A**



**EXHIBIT A
DEFENDANT WORLD CONFECTIONS,
INC.'S ANSWER TO COMPLAINT**